```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __2/6/2025__
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAHIANNY CAROLINA JIMENEZ DE ALTAGRACIA,

               Plaintiff,

     -against-

A. DUIE PYLE INC., and VLADIMIR GUILLAUME-SAM,

               Defendants.

24-CV-8625 (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

On November 13, 2024, this personal injury action, arising out of an automobile accident, was removed to this Court from the Supreme Court of the State of New York, Bronx County. (Dkt. 1.) In state court, plaintiff was represented by attorney Eli Shmulik of the Law Office of Eli Shmulik, P.C. (Dkt. 1-1.) On November 13, 2024, defendants filed proof of service of the Notice of Removal on attorney Shmulik. (Dkt. 4.) On November 14, 2024, the Hon. Valerie E. Caproni, United States District Judge, scheduled an initial pretrial conference for January 17, 2025. (Dkt. 6.) On November 21, 2024, defendants filed proof of service of the Notice of Initial Pretrial Conference on Shmulik. (Dkt. 7.) On December 17, 2024, the action was reassigned to the Hon. Jeannette A. Vargas, United States District Judge, who issued a second Notice of Initial Pretrial Conference, retaining the January 17 conference date, but changing the location. (Dkt. 8.) On December 26, 2024, defendants filed proof of service of Judge Vargas's Notice of Initial Pretrial Conference on Shmulik. (Dkt. 9.). However, attorney Shmulik has never filed a notice of appearance in this action. Consequently, Shmulik is not receiving electronic notification of this Court's orders (or any other developments in the case) via the Court's ECF system.

On January 8, 2025, defendants filed a Civil Case Management Plan and Scheduling Order, signed by both attorney Shmulik and attorney Matthew K. Finkelstein (defendants'

counsel), filling out only the portion of the form in which the parties consented to the jurisdiction of the assigned magistrate judge for all further proceedings. (Dkt. 10.) Additionally, both attorney Shmulik and attorney Finkelstein signed Form AO 85 ("Notice, Consent, and Reference of a Civil Action to a Magistrate Judge"), which Judge Vargas so-ordered on January 10, 2025. (Dkt. 11.)

On January 17, 2025, I issued an order rescheduling the initial case management conference to February 13, 2025, at 11:00 a.m., and directing counsel as follows:

> It is further ORDERED that counsel shall meet and confer in accordance with Fed. R. Civ. P. 26(f) no later than 21 days prior to the initial case management conference. No later than one week (seven calendar days) prior to the conference, the parties shall file a Pre-Conference Statement, via ECF, signed by counsel for all parties.

1/17/25 Order (Dkt. 13) at 1. The 1/17/25 Order also listed the information required to be included in the Pre-Conference Statement. *Id.* at 1-3. Counsel were directed that, "[t]o the extent the parties are in disagreement concerning any portion of the Pre-Conference Statement, they may submit separate proposals as to such portion, *without argument*." *Id.* at 3.

On February 6, 2025, defendants filed a unilateral letter,[1] advising the Court that a dashcam video of the underlying automobile accident shows that plaintiff was at fault, and that "no rational juror could find any liability on the part of Defendant." 2/6/25 Def. Ltr. at 3. Rather than propose a discovery schedule, as required by my 1/17/25 Order, defendants request that I view the video and summarily discontinue the case. *Id*. Defendants further advise that their counsel "conferred with plaintiff's counsel on January 3, 3025," and provided him with a copy of the dashcam video, "after he agreed to a Confidentiality Stipulation." *Id*. at 2.[2] However, "[a]fter

---

[1] Defendants write that they filed this letter "[i]n accordance with Rule II(A)(5) of Your Honor's Individual Rules." 2/6/25 Def. Ltr. (Dkt. 14) at 1. I do not have a Rule II(A)(5).

2

receiving the Notice of this Conference, we emailed [plaintiff's] counsel on January 22, 28, February 3 and 4, 2025 and called his office multiple times and spoke with his receptionist," but "[e]ach time, we were advised that he was 'away,' 'out of the office' or 'with a client.'" *Id.* at 3.

The 1/17/25 Order clearly directed the parties to file a ***joint*** Pre-Conference Statement, addressing ***all*** of the issues listed in 1/17/25 Order (including discovery deadlines). That was not a suggestion. It was an order. Here are four more:

1. The noncompliant letter at Dkt. 14 is STRICKEN.

2. No later than **February 10, 2025**, attorney Shmulik (or another attorney admitted to practice in this Court) must file a notice of appearance, in this action, on behalf of plaintiff.

3. No later than **February 11, 2025, at 12:00 p.m.**, the parties must file a joint Pre-Conference Statement, in accordance with the 1/17/25 Order.

4. Attorney Finkelstein must promptly serve a copy of this Order on attorney Shmulik by postal mail and email, and file proof of such service on the docket of this action.

Failure to comply with this Order will result in the cancellation of the initial case management conference scheduled for February 13, 2025, and may result in dismissal of this action for failure to prosecute.

Dated: New York, New York
       February 6, 2025                          **SO ORDERED**.

                                                 _____
                                                 **BARBARA MOSES**
                                                 **United States Magistrate Judge**

---

[2] The stipulation is signed by both attorney Shmulik and attorney Finkelstein, and is attached to defendants' letter. (S*ee* Dkt. 14-2.)

3