```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  2/13/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
DAHIANNY CAROLINA JIMENEZ DE ALTAGRACIA,

                             Plaintiff,

-against-

A. DUIE PYLE INC., and VLADIMIR GUILLAUME-SAM,

                             Defendants,
-----------------------------------------------------------------x

Case No.1-24-cv-08625

**MEMO ENDORSED**

Stipulation of Confidentiality

WHEREAS, Defendant, A. DUIE PYLE, Inc. ("ADP")., possesses certain Confidential Information which may be disclosed to the parties to this action; and

WHEREAS, A. DUIE PYLE, Inc. ("ADP")., seeks to ensure that any such Confidential Information not: be used for any purpose other than in this lawsuit, be made public by any of the parties herein, or be otherwise disseminated by any such party, except as set forth in this Stipulation and Protective Order of Confidentiality ("Order"); and,

WHEREAS, all parties to this lawsuit herein represent that they have no wish or intention to use information designated as confidential for any purpose beyond this action.

IT IS HEREBY STIPULATED AND AGREED, that the following procedure shall be employed for the protection of A. DUIE PYLE, Inc.'s Confidential Information:

1.    For purposes of this Order, "Confidential Information" means any document, writing, paper, record, photograph, video, diagram, drawing, tangible thing, transcript of oral testimony or recorded statement of counsel, whether printed or recorded or reproduced by any other mechanical process or written or produced by hand, and the content of any such document,

{N1802768.1 }

writing, paper, record, photograph, video, diagram, drawing, thing, transcript or statement, which A. DUIE PYLE, Inc.'s designates as "confidential". By way of example, and not limitation, Confidential Information may include or be included in documents, papers, manuals, transcripts, bills of particulars, answers to interrogatories and other responses to discovery requests, briefs, summaries, notes, abstracts, motions, drawings and any instruments which comprise, embody or summarize matter which ADP considers confidential and desires not to be made public.

2. Whenever A. DUIE PYLE, Inc. produces a document or thing containing information A. DUIE PYLE, Inc. deems to be confidential which it wishes to be subject to this Order, shall mark or designate the document or thing "Confidential". All parties herein shall mark any copy made of such document or thing or any abstract, summary or memorandum containing Confidential Information "Confidential". Where any document or thing is marked or designated "Confidential" upon the first page thereof, the entire document or thing shall be deemed marked "Confidential"

3. Any dispute concerning A. DUIE PYLE, Inc.'s designation of documents or things as "Confidential" under paragraph 1 herein will be resolved by the Court upon request by any party to the instant action.

4. Whenever a deposition taken on behalf of any party hereto involves a disclosure of Confidential Information of A. DUIE PYLE, Inc. shall designate the deposition as confidential. As soon as A. DUIE PYLE, Inc. makes such designation, the following provisions shall apply:

    (a)    The initial session of the deposition and all subsequent sessions therefore shall be considered confidential and shall be taken subject to the provisions of this Order. Such designation shall be made on the record whenever possible, but A. DUIE PYLE, Inc. may designate portions of the transcript of depositions as containing confidential information after transcription as in the case of any other document or tangible thing, provided that written notice of such designation is promptly given to all parties herein; and

    (b)    The originals of the deposition transcripts and all copies thereof shall bear the legend "Confidential".

5.    (a) All material which A. DUIE PYLE, Inc., designates "Confidential" in this action shall be maintained in strict confidence by all parties herein and used solely in the preparation for trial of this action or in the trial of this action. No party herein shall disclose or permit to be disclosed material which is designated "Confidential" to any persons, including consultants, experts or others retained by plaintiffs, defendants, or any third-party plaintiffs and third-party defendants, except personnel actually engaged in assisting in the preparation for trial or other proceeding in this case and who have been advised of their obligations hereunder;

    (b) Specifically, access to material which A. DUIE PYLE, Inc. designates "Confidential" shall be restricted to the respective counsel for all parties herein, the attorneys for plaintiffs, defendants, third-party plaintiffs and third-party defendants, their respective legal and clerical staffs, court reporters, translators or other employees of the Court, persons retained by any party who are involved in depositions in this matter and expert witnesses or consultants retained by any party to furnish technical or expert services in connection with this action or to give testimony with respect to the subject matter of this action at the trial of this action or other

proceeding herein; provided, however that such Confidential Information is furnished in accordance with Exhibit "A" hereof.

(c) The aforesaid law offices, by executing this order, undertake to abide by and be bound by its provisions and to use due care to see that its provisions are known and adhered to by those under their supervision or control.

(d) Before any disclosure of the material A. DUIE PYLE, Inc. has designated "Confidential", including consultants or experts or others retained by them in the preparation of this case, counsel for the that party shall obtain a signed Declaration of Confidentiality, annexed hereto as Exhibit "A", from the consultants or experts to comply and be bound by the terms of this Order. Each party's counsel shall furnish an executed duplicate original of the Declaration to counsel for at the time of the disclosure of information required to be disclosed pursuant to CPLR 3101(d), except that any Declaration signed by an expert or consultant who is not expected to be called as a witness at trial is not required to be supplied.

6. If material designated "Confidential" is used at trial, or on motion, it shall be submitted under seal, together with this Order, for inspection by the Court or jury and returned to the party offering the "Confidential" material at the end of the trial. After such return, the provisions of this Order shall continue to cover the "Confidential" material. Within sixty (60) days after the final termination of this litigation by settlement or exhaustion of all appeals, all Confidential Information produced or designated, and all reproductions of such materials, shall be returned to A. DUIE PYLE, Inc. or, at the Receiving Party's option, shall be destroyed. Nothing in this Order shall be construed to entitle any of the parties herein to obtain any document, thing or information from A. DUIE PYLE, Inc. Should the assigned Judge deny the

{N1802768.1}

application to maintain the confidential information under seal, or the presiding Judge and/or Court fail to maintain the confidential information under seal, it will not be considered a breach of the Order to subsequently E-file or submit to the court the Confidential information unsealed. However, the Confidential information shall otherwise not be published except as otherwise permitted herein.

7. Nothing in this Order shall be deemed to preclude A. DUIE PYLE, Inc., or any other party herein from seeking and obtaining additional protection with respect to the confidentiality of documents or other discovery material, or relief from this order with respect to particular material designated "Confidential" hereunder.

8. This Order for A. DUIE PYLE, Inc.'s production of documents, things or information in this action for inspection, copying or disclosure to the parties herein shall not be deemed to waive any claim of attorney-client privilege or attorney work-product protection that might exist with respect to these or any other documents or communications, written or oral, including, without limitation, other communications referred to in any documents which may be produced.

THE REST OF THIS PAGE IS BLANK

9. This Order may be submitted to be "So-Ordered" at any time after the execution by the parties hereto, but the Order will remain in effect even if only executed by the parties and is not otherwise "So-Ordered" by the Court.

THE LAW OFFICE OF ELI SHMULIK P.C.

By: _____
Eli Shmulik, Esq.
Attorneys for Plaintiff
Dahianny Carolina Jimenez
De Altagracia
228 East 45th Street, Suite 600
New York, New York 10017
(212)381-4498

LONDON FISCHER LLP

By: *Matthew Finkelstein*
Matthew K. Finkelstein
Attorneys for Defendant
A. DUIE PYLE INC.
59 Maiden Lane
New York, New York 10038
(212)972-1000

So Ordered:

_____
Barbara Moses
United States Magistrate Judge
February 13, 2025

{N1802768.1}

6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
DAHIANNY CAROLINA JIMENEZ DE ALTAGRACIA,      Case No.1-24-cv-08625

                          Plaintiff,

                          -against-

A. DUIE PYLE INC., and VLADIMIR GUILLAUME-SAM,

                          Defendants.
------------------------------------------------------------------------x

## **EXHIBIT A**

## **DECLARATION OF CONFIDENTIALITY**

      I hereby acknowledge that I will receive information designated as "Confidential" in connection with the Stipulation of Confidentiality entered into between A. Duie Pyle, Inc. counsel for plaintiff. I have received and read a copy of the Stipulation of Confidentiality.

      I understand and agree to be bound by the terms of the Stipulation of Confidentiality, and I agree not to disclose or use this information except in accordance with the terms of the Stipulation of Confidentiality. I will not copy or use the Confidential Information I will receive except for purposes as set forth in the Stipulation of Confidentiality unless such information is or becomes public information in accordance with the terms of the Stipulation of Confidentiality.

      I understand that I am permitted to retain copies of my own work product provided that such materials are maintained and protected in accordance with the terms of the Stipulation of Confidentiality.

      I understand that failure to abide by the terms of the Stipulation of Confidentiality may result in legal action against me.

      I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____     By: _____

                                             Name: _____

Address: _____

                                             Title: _____

_____

                                             Present Occupation or Job Description:

                                             _____

                                             Employer: _____